IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RENALDO E. WILLIAMS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-163-GPM |
| | ) |
| AMERICAN WATER/BOTTOMS and AMERENCIP, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) (stating that "[t]he first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."). Plaintiff Renaldo E. Williams, Sr., brings this action pro se to challenge allegedly unlawful billing and collection practices by Defendants American Water/Bottoms and AmerenCIP. Williams's pro se complaint, which in fact is a letter addressed to the Court that is accompanied by various documents concerning billing disputes between Williams, on the one hand, and American Water/Bottoms and AmerenCIP, on the other, neither invokes nor discloses any basis for federal subject matter jurisdiction in this case.

It does not appear that this case is within the Court's subject matter jurisdiction in diversity pursuant to 28 U.S.C. § 1332. The exercise of federal subject matter jurisdiction in diversity requires that the parties to a case be of diverse state citizenship and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). In this case it appears that diversity of citizenship is not complete, as Williams seems to be a citizen of Illinois domiciled in East St. Louis, Illinois. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) (stating that "'[c]itizenship' for purposes of § 1332 means domicile rather than residence" and that "it takes physical presence in a state, with intent to remain there, to establish domicile."); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006) (in the case of a party to a diversity suit who is a natural person, "'[c]itizenship' for diversity purposes is determined . . . by [the] party's domicile, which means the state where [the] party is physically present with an intent to remain there indefinitely.") (collecting cases). AmerenCIP is a corporation incorporated under Illinois law and therefore is, like Williams, a citizen of Illinois, given that, for diversity purposes, a corporation is a citizen of the state where it incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981).[1]

---

1. The Court can take judicial notice of the records of corporations maintained online by the Illinois Secretary of State. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (collecting cases).

It also does not appear that this action is one "arising under" federal law within the meaning of 28 U.S.C. § 1331, the statute granting federal courts jurisdiction over so-called "federal question" cases. The usual test of whether an action arises under federal law is the "well-pleaded complaint" rule, which provides that a case arises under federal law only when federal law appears on the face of a plaintiff's complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152-53 (1908). The easiest class of "arising under" cases are those in which federal law "creates the cause of action," e.g., the plaintiff is suing under federal law. *Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 909 (7th Cir. 2007) (citing *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257 (1916)). In some cases, "[e]ven though state law creates [a plaintiff's] cause of action, [the plaintiff's] case still might 'arise under' the laws of the United States if a well-pleaded complaint established that [the plaintiff's] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). Also, in a limited class of cases an action may arise under federal law even if the complaint in the case asserts no claim for relief under federal law where state law is "completely preempted" by federal law. Complete preemption occurs when "the preemptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Nelson v. Stewart*, 422 F.3d 463, 466-67 (7th Cir. 2005) (quoting *Caterpillar*, 482 U.S. at 393). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id*. at 467. In this case, Williams does not allege that he is suing under a federal statute, nor does his complaint

appear to present any legal question that is controlled by federal law or to assert a state-law claim arising under one of the small class of federal statutes that have been deemed by the Supreme Court of the United States to completely preempt state law for purposes of federal subject matter jurisdiction.[2]

Because Williams's complaint does not appear to present any basis for federal subject matter jurisdiction, Williams is hereby **ORDERED TO SHOW CAUSE** not later than ten (10) days from the date of entry of this Order why this action should not be dismissed for lack of subject matter jurisdiction. The filing by Williams of a complaint that properly alleges the Court's federal subject matter jurisdiction not later than ten (10) days from the date of entry of this Order shall be deemed by the Court to discharge Williams's duty to show cause under this Order. Failure by Williams to show cause why this action should not be dismissed for lack of subject matter jurisdiction will result in the dismissal of this action pursuant to Rule 12(h)(3) and Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: March 6, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

2. Additionally, this does not appear to be a suit against the United States or an agency thereof within the meaning of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), §§ 2671-2680. In any event, the United States is the only proper defendant in an FTCA action. *See* 28 U.S.C. § 2674; *Cross v. Fiscus*, 830 F.2d 755, 756 (7th Cir. 1987); *Steward v. United States*, 503 F. Supp. 59, 61 (N.D. Ill. 1980).