IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RENALDO E. WILLIAMS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 11-163-GPM |
| | ) | |
| AMERICAN WATER/BOTTOMS and AMERENCIP, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Renaldo E. Williams, Sr., brings this action pro se, apparently in connection with a billing dispute between Williams and Defendants American Water/Bottoms and AmerenCIP, utility companies that have furnished Williams with, respectively, water and electricity services. On March 6, 2011, having considered sua sponte the issue of federal subject matter jurisdiction in this case, the Court ordered Williams to show cause why this case should not be dismissed for lack of federal jurisdiction. Williams now has responded to the Court's order to show cause. In the Court's show cause order, the Court found that this action is not within the Court's subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 because both Williams and AmerenCIP are citizens of Illinois. In his response to the Court's show cause order, Williams does not contend that this case is within federal jurisdiction in diversity, and instead Williams argues that this case is one "arising under" federal law for purposes of so-called "federal question" jurisdiction pursuant to 28 U.S.C. § 1331. Having considered the matter carefully, the Court rules as follows.

In the Court's order to show cause in this case, the Court outlined the applicable tests of federal question jurisdiction, and the Court will not repeat that recitation here. Williams contends that his case arises under federal law because he alleges that American Water/Bottoms and AmerenCIP have committed various federal crimes and have engaged in unfair debt collection practices. In reviewing Williams's complaint, the Court is mindful that pro se allegations are to be construed liberally. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court turns first to the matter of the federal crimes supposedly committed by American Water/Bottoms and AmerenCIP. According to Williams, Defendants have committed the offenses of identity theft, tax refund theft, e-mail fraud, fraud, aiding and abetting, and perjury. Although Williams does not identify the federal statutes at issue, the Court assumes that those statutes are: 18 U.S.C. § 1028, prohibiting identity theft; 18 U.S.C. § 641, prohibiting theft; 18 U.S.C. § 1037, prohibiting fraud in connection with electronic mail; 18 U.S.C. § 1001, prohibiting fraud; 18 U.S.C. § 2, prohibiting aiding and abetting; and 18 U.S.C. § 1621, prohibiting perjury.

Quite apart from the fact that 18 U.S.C. § 641 prohibits only theft of federal property, which does not appear to be alleged here, the obvious problem with Williams's claims under various federal criminal statutes is that those statutes do not create a private right of action. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) ("[T]his Court has rarely implied a private right of action under a criminal statute[.]"); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly

poor candidates for the imputation of private rights of action."); *West Allis Mem'l Hosp., Inc. v. Bowen*, 852 F.2d 251, 254-55 (7th Cir. 1988) (citing *Cort v. Ash*, 422 U.S. 66, 78 (1975)) (noting the "strong presumption" against recognizing a private right of action under a criminal statute); *Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009) (allegations that officials violated 18 U.S.C. § 1001 failed to state a claim upon which relief could be granted, as the statute does not create a private right of action); *Rogerson v. United States*, No. CV 08-5060-AWB, 2009 WL 1361875, at *1, *5 (D.S.D. May 13, 2009) (a plaintiff has no private right of action under 18 U.S.C. § 1037); *Cooksey v. McElroy*, No. 1:07cv581, 2008 WL 4367593, at *22 (S.D. Ohio Sept. 24, 2008) (allegations that the defendants violated 18 U.S.C. § 2 did not state a claim for relief because the statute does not provide a private cause of action.); *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302-03 (E.D.N.Y. 2004) (no private right of action is implied under 18 U.S.C. § 1028); *Walter T. Martin, Inc. v. Peoples Gas Light & Coke Co.*, No. 85 C 9728, 1986 WL 2089, at *1 (N.D. Ill. Jan. 31, 1986) (finding that 18 U.S.C. § 641 does not create a private right of action); *Weiland v. Byrne*, 392 F. Supp. 21, 22 (N.D. Ill. 1975) (a private plaintiff cannot sue for damages under 18 U.S.C. § 1621).[1]

---

1. To the extent Williams may be arguing that alleged violations of the federal criminal statutes discussed above constitute elements of state-law causes of action, the Court disagrees. In the first place, Williams alleges no state-law causes of action. Additionally, for purposes of the so-called "substantial federal question" doctrine, providing generally that a case arises under federal law where a substantial, disputed question of federal law is an element of a plaintiff's cause of action, it is not enough merely to allege that a defendant has violated federal law, and instead the meaning of a federal law must be at issue. *See Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 910 (7th Cir. 2007) (noting that "a fact-specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of a federal law" does not rise to the level of a substantial federal question). To the extent Williams may be trying to assert a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, the claim likewise is unavailing. "To state a claim under [18 U.S.C.] § 1962(c), a RICO plaintiff must show the '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Richmond v.*

With respect to Williams's claim for unlawful collection practices, it is the case, of course, that the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, provides a federal right of action for the purpose of "eliminat[ing] abusive debt collection practices by debt collectors[.]" 15 U.S.C. § 1692(e). The FDCPA was enacted with the primary goal of protecting consumers from "abusive, deceptive, and unfair debt collection practices, including threats of violence, use of obscene language, certain contacts with acquaintances of the consumer, late night phone calls, and simulated legal process." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997) (citing *Jenkins v. Heintz*, 25 F.3d 536, 538 (7th Cir. 1994)). In short, the statute "regulates interactions between consumer debtors and 'debt collectors[.]'" *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1608 (2010) (brackets omitted). The FDCPA distinguishes between "debt collectors," who are covered by the statute, and "creditors," who are not. *See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). A "debt collector" is defined as "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "creditor," on the other hand, is broadly defined as one who "offers or extends credit creating a debt or to whom a debt is owed[.]" 15 U.S.C. § 1692a(4). In general, creditors' "debt collection activities are not subject to the [FDCPA] unless they collect under a name other than their

---

*Nationwide Cassel L.P.*, 52 F.3d 640, 644 (7th Cir. 1995) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Here Williams alleges none of the elements of a RICO claim. Also, "[i]n order to have federal jurisdiction under RICO, the [plaintiff] must show either that the enterprise is engaged in interstate commerce or that the activities of the enterprise affect interstate commerce." *United States v. Muskovsky*, 863 F.2d 1319, 1325 (7th Cir. 1988). Here it is exceedingly difficult to see how Williams's dispute with two local utility companies implicates interstate commerce.

own." *Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998). Whether communications are between a debt collector and a debtor or between a creditor and a debtor is assessed from the viewpoint of "the least sophisticated consumer." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

In this instance it is clear from the documentation attached both to Williams's complaint and to his response to the Court's order to show cause that American Water/Bottoms and AmerenCIP are attempting to collect in their own name debts that Williams purportedly owes to them, so that American Water/Bottoms and AmerenCIP are not debt collectors subject to regulation under the FDCPA. *See Burns v. Bank of Am.*, 655 F. Supp. 2d 240, 254 (S.D.N.Y. 2008) (a mortgagee that sought to collect its own $111,000 debt from mortgagors relating to foreclosed property was not a "debt collector" subject to liability under the FDCPA); *Carlson v. Long Island Jewish Med. Ctr.*, 378 F. Supp. 2d 128, 131-32 (E.D.N.Y. 2005) (a creditor's in-house collection agency is not a "debt collector" within the meaning of the FDCPA, so long as the agency uses the creditor's true name when collecting); *Bleich v. Revenue Maximization Group, Inc.*, 239 F. Supp. 2d 262, 264 (E.D.N.Y. 2002) (a hospital which sought to collect a patient's debt was not a "debt collector" for purposes of the FDCPA where the debt the hospital sought to collect was owed to the hospital, rather than to another); *Shamburger v. Grand Casino of Miss., Inc./Biloxi*, 84 F. Supp. 2d 794, 801 (S.D. Miss. 1998) ("The [FDCPA] does not apply to the actions of a party seeking to collect a debt owed to itself."); *Oldroyd v. Associates Consumer Disc. Co./PA*, 863 F. Supp. 237, 241-42 (E.D. Pa. 1994) (a mortgage company whose principal business was to make and service consumer loans, and which did not collect debts owed to any entity but itself, was not a "debt collector" for

purposes of the FDCPA); *James v. Ford Motor Credit Co.*, 842 F. Supp. 1202, 1207 (D. Minn. 1994) (quoting *Meads v. Citicorp Credit Servs., Inc.*, 686 F. Supp. 330, 333 (S.D. Ga. 1988) ("As a general rule 'actual creditors . . . are not subject to the [FDCPA].'")). The Court having determined that Williams has failed to identify any federal law under which his claim for relief arises for purposes of subject matter jurisdiction, the Court's inquiry as to whether Williams has a possible federal claim is at an end. "Even *pro se* litigants are masters of their own complaints and may choose who to sue – or not to sue." *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005). Too, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Id.* (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)). "[A] suit may . . . be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1945). Here Williams's purported federal claim is "too weak even to engage federal jurisdiction." *Carr v. Tillery*, 591 F.3d 909, 917 (7th Cir. 2010). This case will be dismissed.

To conclude, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, this case is **DISMISSED without prejudice** for lack of federal subject matter jurisdiction. Williams may re-file his claims in a state court of competent jurisdiction. The Clerk of Court shall enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: March 30, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge